HUGHES, Plaintiff, v. FRANK GLASSNER, Secretary of State, Respondent.

(144 N. W. 437.)

1.   **Elections—Nomination by Primary Election—"Richards Primary"—Judicial Candidates—Party Recall, and Indorsement of Principles.**

Laws 1911, Ch. 201, known as "Richards Primary Act," provides in Sec. 21, that the words "party recall," as used therein, mean the right and official act of the regular party organization to request the resignation of any public official elected or appointed as a party candidate, except judges of the Supreme and circuit courts. Sec. 23 provides that no candidate's name shall appear on the official primary ballot more than once, except the names of candidates for said judgships, who may be endorsed by the minority and majority proposal committee and whose names may appear in each of the three columns. Sec. 50 requires candidates for judges of the Supreme and circuit courts to file individual proposal petitions, and that their names shall appear in the independent column, but may be indorsed by either proposal committee, and that no such candidate shall be required to sign the recall declaration. **Held,** that it was intended by these provisions to relieve candidates for those judicial offices from the provisions of the "party recall' and the indorsement of the declaration of principles of any party or faction thereof, and to allow the indorsement of such candidate by one or both of the proposal committees of his party, which purpose should be carried into effect if possible.

2.   **Elections—Primary Nominations—Petitions—Individual Proposal Petitions—Time of Filing.**

Laws 1911, Ch. 201, Sec. 46, provides that the name of no candidate for certain offices, including judges of the Supreme and circuit courts, shall appear on the official primary ballot, except the candidate of one majority and one minority committee proposals, unless at least 60 days prior to the primary

election an individual candidate proposal petition shall be filed in the office of the secretary of state or county auditor. Sec. 50 requires candidates for said judgships to file individual proposal petitions 90 days before date of primary. Sec. 48 provides that no name shall be counted on any individual proposal petition unless it appears to have been signed within 3 months prior to holding of primary election. **Held,** that this provision of Sec. 48 cannot apply to proposal petitions filed under Sec. 50, which must be filed 90 days before the primary; that it applies only to petitions filed under Sec. 46; that the act fixes no time for obtaining signatures to a petition to be filed under Sec. 50; that petitioners are therefore entitled to obtain them; that the electors by Sections 46 and 48 have said that 30 days is such reasonable time, and hence such petitions, filed under Sec. 50, may be signed at any time not more than 120 days prior to the primary election.

3. **Elections—Nomination by Primary—Individual Proposal Petition—Where Filed.**

While Laws 1911, Ch. 201, Sec. 50, requires candidates for judges of the Supreme and circuit courts to file individual proposal petitions 90 days before the primary, the act makes no express provision for the place of filing such petitions, but Sec. 60 requires the secretary of state to certify to the county auditors a list of the independent candidates for whom individual proposal petitions have been filed "in his office." **Held,** that the petitions to be filed in the secretary of state's office under Sec. 60 are those for candidates for state and national offices, and hence a candidate for circuit judge, which is a state office, should file his petition in that office.

(Opinion filed December 7, 1913.)

Original application by John F. Hughes for a writ of mandamus against Frank Glassner, Secretary of State. Writ granted.

*L. E. Gaffy,* and *John Sutherland,* for Plaintiff.

This law contemplates the division of persons desiring to become candidates of a party at a primary into three classes: first, those proposed by what is termed the "Majority committee;" second, those proposed by what is termed the "Minority committee;" and those proposed by "individual petitions." (See Sections 13, 14 and 46 of Chapter 201.)

So that, any person desiring to become the candidate of any party at a primary must either obtain the majority or minority nomination, or else have his name placed on the ballot by individual petition. (Section 46.)

All persons desiring to become candidates of any party by individual petition must comply with the provisions of Sections 46, 47, 48, and 49 of Chapter 201.

Any person desiring to become a candidate of any party at the primary for judge of either the Supreme or Circuit court cannot become such candidate unless he files an individual petition ninety days before the primary, and his name must appear in the independent column upon the official primary ballot and he may be endorsed by either the majority or minority committees.

Section 50.   Under this law the only way a candidate for the office of judge of either the supreme or circuit court can have his name placed upon the official primary ballot is by circulating his individual petition.   Section 48 provides the time within which signatures may be obtained, and among other conditions, states that all names must be signed thereon within three months of the date of the primary.   Section 49 provides the regulations for individual petitions for members of the legislature where the district comprises more than one county, and specifically states that the signatures and other conditions must be the same as in Sections 46 and 47.   But the individual petitions of judges are provided for in section 50, and it therein provides how long before the primary these individual proposal petitions for judges shall be filed, but does not provide in terms, as for members of the legislature in the preceding section, that Sections 46 and 47 shall apply.   However, unless these conditions would be inconsistent with section 50, it must be conceded that they apply.   The one provision that is inconsistent is the provision requiring the names to individual petitions to be signed within three months of the date of the primary, and, if we attempt to apply that provision to the individual proposal petitions for judges, we find that it is a physical impossibility to be complied with in all cases.   Under this primary act, every other candidate is given thirty days within which to circulate and file his individual petition, and the act of 1909, which this law superseded, gave the candidates six weeks within which to circulate their petitions—in the old law, the petitions having to be filed six weeks before the

primaries, and the names being required to be signed upon the petition within three months of the date of the primary.

It would, therefore, seem that it must have been the intent of the body enacting the law to give a reasonable time prior to the ninety days within which to circulate the petition, and as to what would be a reasonable time it would seem that the court would have a right to be guided in determining that by the time heretofore allowed by prior laws, and, in this case, allowed to all other candidates except the judges.

Section 46 provides that the individual proposal petitions shall be filed in the office of the Secretary of State or County Auditor "as the provisions of this Act require," but nowhere in the act is it stated whether the individual proposal petitions shall be filed, except that of a candidate for the legislature in a district composed of more than one county. · (See Section 49.)

The act provides where the nominations and endorsements by the proposal committee shall be filed, but has omitted to provide where the individual petitions shall be filed. The author of the law, in drafting it, states that these individual petitions shall be filed as in the act hereinafter provided, and then fails entirely, except in the case stated, to provide where they shall be filed.

The act, having failed to provide where the individual proposal petitions shall be filed, cannot be said to have repealed the subsisting primary law.

Section 156 of this law provides: "All acts and parts of acts in conflict with this Act are hereby repealed."

The law having failed, then, to provide the office or the place in which individual proposal petitions should be filed, is not in conflict with the prior law which has so provided, and that law provides that the petitions for the nomination of judges of the supreme and circuit court shall be filed in the office of the Secretary of State.

(Section 6, Chapter 20, Session Laws 1909.)

It seems to be universally conceded that the office of secretary of state is the proper place for filing individual petitions for members of the supreme and circuit courts of the state. If this construction is not given to this law, to-wit: that, it having failed to provide the place for filing these petitions, then

the place designated in the old law still remains, it would be necessary to legislate something into this law, to-wit: a provision that such petitions should be filed in the same place as the law has provided for the filing of the certificates of nominating by the nominating conventions or proposal committees.

*Royal C. Johnson,* Attorney General, for Defendant.

It will be conceded that Section 50, Chapter 201, Laws of 1911, is the objectionable section in this proceeding. This section appears to be seriously defective. As to the number of days prior to the primary date petitions shall be filed, it is superfluous, as to the place where they are to be filed, it is deficient. *This section is not reasonable as to time, and* specific as to place of filing, as is Section 49. The procedure would have been clear, if Section 50 in its present form had been entirely omitted. That Section 50 is the result of typographical errors and omissions seems apparent upon an examination of other provisions of the law. Why should this section require candidates for judges of supreme and circuit courts file petitions 90 days before the primary date instead of 60 days as is provided in section 49? Why should this section omit the place of filing such petitions instead of specifically providing therefor, as does section 49?

Section 48 provides that no name shall be counted upon such petition unless the same appears to have been signed within *three months.* prior to the holding of the primary, which is March 24, 1914. See section 73. It is therefore clear that the filing of plaintiff's proposal petition was properly refused. This provision of the law is a general one applying equally to all individual proposal petitions. The reason and policy of this provision cannot be questioned. It works uniformly upon all candidates.

Section 50, requires a physical impossibility. It discriminates viciously against candidates for judges of the supreme and circuit courts. It requires them to file their petitions 90 days prior to the primary. This is not required of legislative candidates by Section 49, yet both are state offices; nor of any other candidates. It cannot be complied with by such candidates for judicial office. It is clearly void and of no force and effect *as to when such petition shall be filed.*

Candidates for judges of the supreme and circuit courts should have a reasonable time within which to file such petitions after signatures thereto are authorized by law, which should be, at least, within thirty days thereafter. This would place such candidates on the same schedule with legislative candidates. No doubt the term "90 days" was intended "60 days," as provided in section 49, and that the place of filing was intended to be the same as in section 49 for circuit judges, the author either deeming a repetition unnecessary, or hastily overlooking the defect.

The law could not possibly be construed to authorize the filing of plaintiff's petition at the time requested, and that no petitions might be legally filed until after the date when signatures thereto are authorized by the perfectly valid and uniformly operating provision in section 48.

It is a fact of peculiar significance, that as to the procedure in both legislative districts, composed of more than one county, and judicial circuits, the place of filing committee proposals for such offices under sections 54 and 55 is the office of the *county auditor* of the county in the circuit or district having the largest vote. Both are state offices. The procedure is the same.

The individual proposal petition of candidates for the legislature is filed, under section 49, in the office of the county auditor of the county in which the candidate resides. It must, therefore, have been the intention that the individual proposal petition of candidates for circuit judge should be filed in the office of the county auditor of the county in which the candidate resides. The cases are parallel and identical, as far as the political subdivisions of the state are concerned.

Another suggestion why the plaintiff's petition is not properly filed in the office of secretary of state, but in the office of county auditor of the county where he resides, is the fact that candidates for circuit judges only are mentioned in section 55, and no mention is made of candidates for the supreme court. The committee proposal of the latter is provided for in section 51.

There would be no object in filing the petition of a candidate for judge of the circuit court in the office of secretary

of state.   It seems that if the candidate is one whose name may be proposed by the state majority or minority proposal committee, his individual proposal petition is filed with the *secretary of state.*   On the other hand, if the candidate is one whose name may be proposed by a county majority or minority proposal committee, either in a single county, a legislative district, or a judicial circuit, his individual proposal petition is filed with the county auditor where he resides, and certified copies of such petition are forwarded to the other county auditors of that district or circuit.

The reason for this is obvious.   What notice would the majority and minority proposal committee in the sixth judicial circuit have of plaintiff's petition if it was filed in the office of secretary of state?   The secretary of state is not required by the law to make certified copies of all the individual proposal petitions of all candidates for judges of the judicial circuits in the state and forward them to each of the county auditors of the sixty-one counties of this state.   Yet the trend of the law appears to contemplate that either the original or copy of such petition shall be on file where the proposal committee meets.

Without doubt candidates for the supreme court judges file their individual proposal petition with the secretary of state, because they are proposed by the state proposal committee which meets in Pierre, at the State Capital, under section 51 of the law.

Plaintiff's individual proposal petition is not properly filed with the secretary of state, but should be filed with the county auditor of Stanley County, where he resides, and where the proposal committee for the sixth judicial circuit will convene under section 52.

WHITING, P. J. Plaintiff on December 11, 1913, presented to the defendant, for filing in his office, an Individual Candidate Proposal Petition, wherein and whereby plaintiff was, by some of the enrolled electors of the Sixth judicial circuit, proposed as a candidate for the office of judge of the circuit court of such circuit to be voted on at the primary election to be held in March, 1914.   The defendant refused to receive and file such petition, and plaintiff brought this proceeding

and seeks a writ of mandamus requiring defendant to receive and file such petition.

[1] No question is raised as to the form of the petition nor to its sufficiency so far as the number and qualification of the signers are concerned. Defendant contends that chapter 201, Laws 1911 (being the law under which such petition was presented for filing), provides that no names shall be counted upon a proposal petition when such names appear to have been signed thereto more than three months prior to the date for holding the primary election at which the party proposed seeks to be a candidate; and it appears that all the names signed to the petition presented were signed thereto more than three months prior to the time for holding such primary election. Defendant also contends that there is no authority of law for the filing in his office of an Independent Candidate Proposal Petition proposing a candidate for the office of circuit judge.

As noted by the court in State v. Polley, 139 N. W. 118, chapter 201, Laws 1911—commonly known as the "Richards Primary Act"—was enacted into law by the vote of the people of this state under the initiatory provisions of the state constitution. A reading of this law reveals the fact that if section 50 were eliminated therefrom, and the latter parts of sections 21 and 23 were stricken out, there would be left a complete system for the proposing of party factional and independent candidates for all state, circuit, district, and county offices, including judges of the Supreme and circuit courts. If this law had been enacted by the representatives of the people, rather than by the people themselves, we should have no hesitancy in declaring that section 50 and the latter parts of sections 21 and 23 had been added to such law after its first presentation, and so added for the apparent purpose of freeing candidates for certain judicial offices from the provision for "party recall" and from the provision requiring such candidates, under certain circumstances, to subscribe to a factional declaration of principles, and especially for the purpose of allowing either one or both of the majority and minority proposal committees to endorse the candidacy of one who had filed an individual Candidate Proposal Petition for a judicial office, and of permitting the name of one so indorsed to appear more than once on the primary

ballot. This law having been enacted by the people, who from very necessity were given no opportunity for proposing amendments, it follows that the act was in its present form both when petitioned for by the electors and when afterwards enacted by them; yet we think it is clear that the law should be interpreted the same as if enacted by the representatives of the people. We are therefore of the opinion that the electors intended to relieve candidates for these judicial offices from the provisions of the "party recall" and the indorsement of the declaration of principles of any party or faction thereof, and also intended to allow the indorsement of such a candidate by one or both of the proposal committees of his party. This purpose should be carried into effect if possible. To carry it into effect, section 50 must be sustained in every part.

[2] Such section reads as follows: "Sec. 50. Proposal Petition for Judges. All candidates for judges of the Supreme and circuit courts shall file individual proposal petitions 90 days before the primary date and their name shall appear in the independent column upon the official primary ballot, but may be indorsed by either the majority or minority proposal committee. But no candidate for judge of the Supreme or circuit court shall be required to sign the recall declaration but shall be required to sign a declaration to the effect that he will qualify if elected."

Section 46 of this act provides for the filing of an independent Candidate Proposal petition for a candidate who seeks to run as an independent candidate as distinguished from a Committee Proposal which is to be filed when a candidate is proposed by a proposal committee. This section includes, among the candidates named therein, candidates for judges of the Supreme and circuit courts and provides that their petitions shall be filed at least 60 days prior to the primary election. This would give until after the time for the meeting of the proposal committees for the filing of such petitions. It was evidently in order to provide that the proposal petitions mentioned in section 50 should be filed prior to the date fixed for the meetings of the proposal committees, that said section 50 fixed the date on or before which the petition should be filed as 90 days prior to the primary election

instead of 60 days prior thereto, as provided in section 46. Without this change it will be seen that the proposal petition for independent candidacy might not be on file prior to the time fixed by the.act for the meeting of committees to propose candidates for circuit judges, at which meeting the indorsement, if any, of the candidacy of a party for the office of judge of the circuit court, must be made; such meeting being fixed. more than 60 days prior to the date for the primary election.

Section 48 of the act provides, among other things, as follows: "No name shall be counted upon such petition unless the same appears * * * to have been signed within three months prior to the holding of the primary. * * * "Three months prior to the holding of the primary" is identical in period of time covered as "90 days before the primary," except that in leap year the "three months" period would exceed the " 90 days" period by one day.   This provision in section 48 is the only one in this act which prescribes a time for the signing of an "Individual Candidate Proposal Petition," being the class of petitions mentioned in section 46 and section 50.   While this provision leaves ample time for the procuring of signatures to a petition obtained under section 46, yet it would be unreasonable to hold that it applies to section 50; the law should not be construed to provide for the doing of a certain thing— like the procuring of and filing of a petition such as is mentioned in section 50—and then so construed as to make the doing of same an impossibility.   We therefore hold that the above provision of section 48 applies only to petitions filed under section 46; that the act fixes no time for obtaining signatures to a petition to be filed under section 50; that, there being no time fixed by the act, petitioners should be given a reasonable time; that the electors by section 46 and section 48 have said that 30 days is such a reasonable time.   It follows that petitioners may sign a petition to be filed under section 50, at any time not more than 120 days prior to the date fixed for holding the primary election.

[3]   While the act in question makes no express provision for the place of filing the "Individual Candidate Proposal Petition" of a candidate for any office, national, state, or county (other than the candidate for a legislative office in a district

comprising more than one county), the law should not be nullified by such omission if by any fair implication we can determine where such petition should be filed. Section 60 of the act makes it the duty of the Secretary of State to certify to the several county auditors a "list of independent candidates * * * for whom individual candidate proposal petitions have been under this act filed in his office." This certainly contemplates that some such petitions are to be filed in his office, and it is certainly fair to presume that the petitions to be filed in such office are those of candidates for state and national offices. The office of circuit judge is a state office.

What a candidate's rights under such a petition may be after it has been filed under section 50, or what action, if any, can be taken by proposal committees or whether an individual candidate proposal petition for judicial candidates can be filed under section 46, we are not called upon to determine at this time.

The writ is granted.